WILLIAM J. HOOD, administrator, plaintiff in error, *vs.* ELISHA TOWNSEND *et al.*, defendants in error.

When a note was executed on the 8th of July, 1861, and a suit was instituted thereon :   *Held*, that it was a Confederate contract, within the provisions of the Ordinance of 1865, and that the Court below erred in not giving that Ordinance in charge to the jury, as the equities of the parties were to be regulated and adjusted by that Ordinance ; that the charge of the Court as contained in the record, in view of the facts of this case, was error.

Confederate Money.   Relief Act.   Before Judge KNIGHT. Towns Superior Court.   November Term, 1869.

There is no record in this case.   It was waived.   The bill

of exceptions shows as follows:    Hood, as administrator for
Jarrett Turner, for the use of Francis Logan, sued Town-
send, as maker, and William C. Henson, as endorser, on a
promissory note, payable to himself as such administrator,
for $380 00, dated the 8th of July, 1861, due one day after
date, signed by Townsend, and transferred as follows:    " I
assign this note to F. Logan for $150 00, July the 16th,
1862."    Whether this transfer was signed by any one does
not appear.   On this note were the following credits:   $75 00,
15th September, 1861; $12 40, 21st October, 1861; $17 00,
2d December, 1861; $20 00, April 1st, 1862.    The defend-
ants plead that the note was given during the late war, and
that a tender of the full amount was made to plaintiff, and he
refused to accept it.    Plaintiff introduced the note and closed.

Townsend's wife testified that the latter part of 1863, or
the first part of 1864, she went with Confederate Treasury
notes sufficient in amount to pay off the note, and offered to
pay it therewith, but plaintiff said he had enough of that
kind of money, and refused to accept the payment, and said
he did not look to Townsend for the money anyway.    In
rebuttal, plaintiff showed that at the date of said note no
Confederate currency had been issued, and that at the time
of the alleged tender, such currency was worth but five cents
in the dollar of specie, and further, that after the war Town-
send was dunned upon the note, made no objection to it, but
left a note for $150 00 for collection, with instructions to
apply its proceeds to the payment of this note; that the jury
scaled the collateral note to $50 00, and then Townsend re-
fused to allow said $50 00 applied to this note unless it was
accepted as full payment.

Plaintiff's counsel requested the Court to charge the jury
that if said note was made before Confederate currency was
issued, the holder was not bound to take that currency in
payment.   The Court gave the request with this addition:
" but there might, nevertheless, arise an equity between the
parties which might authorize you to reduce the amount,
scale the note."   He further requested the Court to charge
that such a tender alone would not authorize the jury to

reduce the debt, unless there was some equity arising out of the facts and circumstances of the case between the parties. The Court read the request to the jury, and said, "I simply add that this would depend on the circumstances of the case, evidences showing equities."

He further charged as follows, and not otherwise: "If you are satisfied, from the evidence, that the defendant tendered the balance due on the note to the plaintiff, then he is entitled to such credit, or such a deduction, on the balance as you may think just and equitable. If you are satisfied, from the evidence, that this note was made in July, 1861, after the war commenced, then it is a Confederate contract, and evidence would be admissible to show equities between the parties, and if you are satisfied, by the evidence, that the note was endorsed by W. C. Henson to F. Logan, you may then inquire what is the date of that endorsement, and you may consider what the equities are between Logan and Henson, for the endorsement made a new contract between Henson and Logan. So you may look into the date of the endorsement to get at the equities between them." Further, upon request of plaintiff's counsel, if you are satisfied, from the evidence, that this note was given before the war commenced, and that it has never been transferred, or that it is payable to orphans, the defendant would take no benefit from the mere fact that he tendered the Confederate money." The jury found for plaintiff for $25 00 only; whether against both does not appear. Plaintiff moved for a new trial upon the grounds, that the Court erred in his said qualifications of plaintiff's requests to charge, and in charging as he did, and because the verdict was contrary to the law and the evidence. The refusal of the new trial is complained of here.

JOHN L. FAIN, H. P. BELL, for plaintiff in error, as to the tender, cited 37th Georgia Reports, 16; and as to the Relief Act, the former decisions of this Court in 39th Georgia Reports *et seq.*

No appearance for defendant in error.

WARNER, J.

From the facts disclosed by the record in this case, we think the charge of the Court to the jury was error, and calculated to have mislead them as to the rights of the parties under the contract sued on.   The note sued on was a Confederate contract, and is within the provisions of the Ordinance of 1865.   In our judgment the Court below erred in not giving that Ordinance in charge to the jury, as the equities of the parties were to be regulated and adjusted by it. The Ordinance of 1865 was the law applicable to the facts of the case.

Let the judgment of the Court below be reversed.